IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL LEE ROBINSON,<br>    Plaintiff,<br><br>v.<br><br>JEFF WOOD, in his individual capacity and in his official capacity as Edgar County Sheriff, JAY WILLAMAN, JESSE LEWSADER, EDGAR COUNTY, ILLINOIS, and CITY OF PARIS, ILLINOIS, a municipal corporation,<br>    Defendants. | Case No. 2:20-cv-02341-SLD-JEH |

**Order**

Now before the Court is Defendant Jesse Lewsader and City of Paris' (City Defendants) Motion to Stay Proceedings (Doc. 19). The Motion is fully briefed and for the reasons set forth below, the City Defendants' Motion is DENIED without prejudice.

**I**

On November 27, 2020, Plaintiff Daniel Lee Robinson filed his Complaint against: Jeff Wood, the sheriff of Edgar County, Illinois; Jay Willaman, the deputy sheriff of Edgar County and Administrator of the Edgar County Jail in Paris, Illinois; Jesse Lewsader, a City of Paris police officer; Edgar County, Illinois; and the City of Paris, Illinois. Plaintiff Robinson, a pretrial detainee, alleges that while he was housed in the Edgar County Jail (Jail) in June 2020, he attempted suicide and was thereafter admitted to a hospital's psychiatric ward for mental health

1

treatment and was diagnosed with major depressive disorder, recurrent severe, ADHD, and amphetamine use disorder. Upon his release from the hospital, the Plaintiff failed to report back to the Jail as ordered and was arrested on July 15, 2020 at which time he was disoriented, unmedicated, and feeling suicidal and was placed on suicide watch at the Jail. On July 16, 2020:

> Plaintiff was taken to court for arraignment on the felony charge of *Failure to Report to Penal Institution*, without first being evaluated by a qualified mental health professional or being provided the prescription medications designed to control mania, hyperactivity and maintain mental balance; he became irrational and angry; he verbally expressed his frustrations and kicked a free standing podium at which time he was violently taken to the floor and shackled by two officers, Defendant Willaman and Defendant Lewsader, thereby incurring injuries to his back and his neck.

(Doc. 1 at pg. 7 ¶26) (italics in original).

On July 17, 2020, Robinson was charged with threatening a public official (Defendant Lewsader), Aggravated Battery (against Defendant Lewsader), and Aggravated Battery (against Defendant Willaman) based upon the events in the courtroom on July 16, 2020. Per the docket for P*eople of the State of Illinois v. Daniel Robinson*, Edgar County Case 2020-CF-125, it has not yet proceeded to trial. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned").

In his federal lawsuit, Plaintiff Robinson's first count pursuant to 42 U.S.C. § 1983 against Defendant Lewsader alleges the latter's use of unreasonable force against Robinson in violation of the 14th Amendment on July 16, 2020. Robinson's second and third counts, pursuant to Section 1983 against Defendants Sheriff Wood and Deputy Sheriff Willaman, respectively, allege conditions of the Jail were such that he was deprived medical treatment in violation of the 14th

Amendment, humane conditions of confinement in violation of the 14th Amendment, his 1st Amendment right to freedom of speech, his 6th Amendment right to access the courts, and his 14th Amendment right to be protected from state created dangers and unsafe conditions of confinement. Robinson further alleges in Count III that Defendant Willaman used unreasonable force against him on July 16, 2020. In Count IV, Robinson alleges Defendant Lewsader's and Defendant Willaman's conduct on July 16, 2020 was willful and wanton in violation of Illinois law. Lastly, in Count V, Robinson alleges a *respondeat superior* theory of liability against Defendant City of Paris.

On December 17, 2020, the Plaintiff filed a Motion for Preliminary Injunction (Doc. 4) (still pending). On January 8, 2021, both the City and County Defendants (Wood, Willaman, and Edgar County) filed their Answers (Docs. 16, 18). In their January 8, 2021 Motion to Stay Proceedings, the City Defendants seek a stay of this case as to Counts I, IV, and V until the adjudication of the criminal matter pending against Plaintiff Robinson is resolved, including any appeal and final disposition.

## II

### A

The City Defendants argue that this Court should abstain from proceeding on Counts I, IV, and V of the federal Complaint while the Illinois state court criminal action is pending pursuant to *Younger v. Harris*. In *Younger*, the United States Supreme Court articulated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger*, 401 U.S. 37, 41 (1971). "The rule in *Younger v. Harris* is designed to 'permit state courts to try state cases free from interference by federal courts.'" *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (quoting *Younger*, 401 U.S. at 43). *Younger* abstention is "rooted in the traditional principles of equity, comity, and federalism." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010)

(quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989)).

The City Defendants argue Counts I, IV, and V in the Plaintiff's federal civil rights Complaint directly relate to Illinois state criminal charges and the criminal charges serve as a basis for his civil rights Complaint. Certainly, the events of July 16, 2020 are the events upon which aggravated battery charges against Robinson in the Illinois criminal court and Robinson's Section 1983 excessive force claims against Defendants Lewsader and Willaman in this Court are based. Nevertheless, the Court does not find that *Younger* abstention is warranted in this case at this time. Only the pleadings and a motion unrelated to the Plaintiff's excessive force claims have been filed in this case. As is clear from the parties' briefing, what the ultimate facts upon which each party relies in the state criminal proceedings and this case are not yet fully known. The parties do not even indicate when they believe the state criminal proceedings will come to a conclusion. The Court does not anticipate that the pursuit of discovery on all of the Plaintiff's claims at this time will cause any interference with the pending state criminal proceedings. Nor does this Court intend to take any action which would do so.

Additionally, this Court hesitates to issue a stay where ample authority (and the parties' briefs) provides that a plaintiff can proceed on a Section 1983 excessive force claim where the facts underlying that claim are not inconsistent with the essential facts supporting the plaintiff's conviction. *See, e.g.*, *Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010) (stating that "[m]any claims that concern how police conduct searches or arrests are compatible with a conviction"); *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) ("As a general proposition, a plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck*-barred from maintaining a § 1983 action for

4

excessive force stemming from the same confrontation")[1]; *Gregory v. Oliver*, 226 F. Supp. 2d 943, 952 (N.D. Ill. 2002) ("It is apparent that in some instances a Section 1983 claim does not contradict the events that resulted in a plaintiff's convictions—two obvious examples would be an officer's unjustified imposition of excessive force in an overreaction to an arrestee's assault, or the imposition of excessive force after the event that led to a resisting-arrest conviction").

**B**

The Court similarly does not find that a stay of these proceedings pursuant to its inherent authority is warranted. *See Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005) ("The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate") (citing *Afro-Lecon, Inc. v. U.S.*, 820 F.2d 1198 (Fed. Cir. 1987)). The City Defendants argue a stay is warranted because of the close relationship of the issues involving the civil and criminal matters involved here, the complaining witnesses in the criminal case and the governmental entity to which they belong are the defendants in this federal civil rights case, the orderly progress in the criminal case could inhibit discovery in this case, and the Plaintiff may face 5th Amendment concerns.

While true that the criminal proceedings and this case share a "close relationship of the issues" (Doc. 20 at pg. 7), this case includes events beyond the July 16, 2020 event and also includes additional parties. It would not be economical or even in the interest of justice to permit only a part of this case to

---

[1] The Court finds that it is improper to engage in an analysis of whether to issue a stay pursuant to the authority of *Heck v. Humphrey*, 512 U.S.477, 487 (1994) (holding that a Section 1983 complaint for damages must be dismissed if a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Here, the Plaintiff's criminal proceedings have not yet come to a conclusion. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (". . . *Heck* does not apply absent a conviction"); *Lynch v. Nolan*, 598 F. Supp. 2d 900, 903 (C.D. Ill. 2009) (" . . . since [the plaintiff] has not been convicted of the charged crimes, *Heck* does not yet apply").

proceed to discovery.  The City Defendants seem to ignore that the allegations of the Plaintiff's Complaint *not* involved in the state criminal proceedings are still very much intertwined with those that *are*.  It is not hard to imagine that discovery as to only the County Defendants and only the claims against the County Defendants could become difficult to navigate and plagued by the need for the Court's intervention.  As the Plaintiff points out, Defendant Willaman has not moved to stay this case, yet one of the aggravated battery charges in the state criminal proceedings names him as a victim.  The City Defendants do not explain how the Court can simultaneously effectuate comity and serve the interests of justice by staying the case as to just some parties and some claims while also permitting the case to go forward as to other parties and claims that raise the very same concerns.

As for the City Defendants' concern that the Plaintiff could face having to invoke (or not invoke) his 5th Amendment rights to his detriment, it appears they are unnecessarily concerned on his behalf as he states in his Response that he "is not hiding behind the Fifth Amendment."  (Doc. 24 at pg. 3); *see also U.S. v. Certain Real Prop., Commonly Known as 6250 Ledge Road, Egg Harbor, Wis.*, 943 F.2d 721, 729-30 (7th Cir. 1991) ("The very fact of a parallel criminal proceeding, however, d[oes] not alone undercut [a defendant or claimant's] privilege against self-incrimination, even though the pendency of the criminal action force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit") (quoting *U.S. v. Little AL*, 712 F.2d 133, 136 (5th Cir. 1983) (internal quotation marks and citations omitted)).  The City Defendants recognize that the public has an interest in the prompt disposition of civil litigation.  City Dfts' Motion (Doc. 20 at pg. 7) (citing the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471-482).  Yet they request only a partial stay of this case; a partial stay in and of itself thwarts the interest in prompt disposition.  While resolution of the underlying criminal case

may present grounds for dismissal of certain counts in this civil rights action, the "may" coupled with the fact that other counts in this case have no chance of resolution in the state criminal proceedings are too important to ignore. The Court will not avail itself of its inherent power to enter a stay in this case.

While the Court finds it need not abstain pursuant to *Younger*, and it is otherwise in the interest of justice to allow the parties to proceed in this case at this time, the parties are reminded that there are mechanisms available to control the scope of discovery as well as the parties' conduct during the litigation of the case. The Court will entertain proper motions in that respect at the proper times. Moreover, should the facts or circumstances change such that a party believes a renewed motion to stay – or a even a motion to dismiss – this case is necessary, the Court grants the parties leave to so move at the appropriate time.

### III

For the reasons set forth above, Defendants Lewsader and City of Paris' Motion to Stay Proceedings (Doc. 19) is DENIED without prejudice.

*It is so ordered.*

Entered on February 2, 2021.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE