IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL LEE ROBINSON,<br>    Plaintiff,<br><br>v.<br><br>JEFF WOOD, in his individual capacity and in his official capacity as Edgar County Sheriff, JAY WILLAMAN, JESSE LEWSADER, EDGAR COUNTY, ILLINOIS, and CITY OF PARIS, ILLINOIS, a municipal corporation,<br>    Defendants. | Case No. 2:20-cv-02341-SLD-JEH |

**Order**

Now before the Court is Plaintiff Daniel Lee Robinson's Motion for Leave to File Supplemental Complaint (Doc. 42), and Defendants Jeff Wood, Jay Willaman, and Edgard County, Illinois' Objection to Motion to File a Supplemental Complaint (Doc. 45). For the reasons set forth below, the Motion is DENIED.

**I**

On November 27, 2020, Plaintiff Daniel Lee Robinson filed his Complaint against: Jeff Wood, the sheriff of Edgar County, Illinois; Jay Willaman, the deputy sheriff of Edgar County and Administrator of the Edgar County Jail in Paris, Illinois; Jesse Lewsader, a City of Paris police officer; Edgar County, Illinois; and the City of Paris, Illinois. Plaintiff Robinson, at all relevant times a pretrial detainee housed at the Edgar County Jail (Jail), cited a March 2019 Inspection Report pertaining to the Jail which found numerous violations of the Illinois County Jail

Standards including insufficient staffing, lack of running water in places, no educational programs within the facility, the outdoor recreation area was never utilized, all required medical and mental health services were not available to detainees, and no medical doctor was available to attend to medical and mental health needs of detainees. The Plaintiff alleged the Jail began, once again, to house inmates and pretrial detainees some time in 2020 at which time the necessary repairs had not been completed and the physical limitations of the building continued to prevent adequate separation particularly with regard to COVID-19. He alleged there was a widespread, though unwritten, custom of the Edgar County Sheriff which allowed and condoned numerous inhumane conditions of confinement at the Jail.

The Plaintiff also alleged, specifically with regard to him, that he had documented suicide attempts, was diagnosed with major depressive disorder, ADHD, and amphetamine use disorder, and he had prescriptions for several medications all during the time he was a pretrial detainee. When in court for his arraignment on July 16, 2020, the Plaintiff alleged he became irrational and angry and outwardly expressed his frustrations which led to Defendants Willaman and Lewsader violently taking him to the floor, thereby incurring injuries to his back and neck. He alleged he was taken to court that day without first being evaluated by a qualified mental health professional or being provided his prescription medications. He alleged that between July 15, 2020 to November 20, 2020, he was subjected to a variety of inhumane conditions of confinement. The Plaintiff alleged he had not been allowed to speak with a mental health counselor, had not been given his psychiatric medications, Defendants Wood and Willaman refused to pay for a medication, and he was denied transportation for follow-up psychiatric and medical visits.

Plaintiff Robinson's first count pursuant to 42 U.S.C. § 1983 against Defendant Lewsader alleged the latter's use of unreasonable force against Robinson in violation of the 14th Amendment on July 16, 2020. Robinson's second and third counts, pursuant to Section 1983 against Defendants Sheriff Wood and Deputy Sheriff Willaman, respectively, alleged conditions of the Jail were such that he was deprived medical treatment in violation of the 14th Amendment, humane conditions of confinement in violation of the 14th Amendment, his 1st Amendment right to freedom of speech, his 6th Amendment right to access the courts, and his 14th Amendment right to be protected from state created dangers and unsafe conditions of confinement. Robinson further alleged in Count III that Defendant Willaman used unreasonable force against him on July 16, 2020. In Count IV, Robinson alleged Defendant Lewsader's and Defendant Willaman's conduct on July 16, 2020 was willful and wanton in violation of Illinois law. Lastly, in Count V, Robinson alleged a *respondeat superior* theory of liability against Defendant City of Paris.

In May 2021, the Court adopted the parties' proposed deadline of July 1, 2021 for the amendment of pleadings. On June 30, 2021, the Plaintiff filed his First Amended Complaint (Doc. 31) which the Court struck the very next day and directed the Plaintiff to file a motion for leave to file an amended complaint. 7/1/21 Text Order. The deadline for the close of all discovery was extended to April 4, 2022 in December 2021. On February 23, 2022, the Plaintiff filed the instant Motion to supplement and add to his complaint. As he puts it, the proposed supplemental complaint "basically documents continuing violations that have not been abated since the original filing [of his case in November 2020], as well as new violations which are events occurring since the initiation of the lawsuit." (Doc. 42 at pg. 3). In particular, the Plaintiff seeks to add claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) to include allegations of a

September 2021 Vitamin D deficiency diagnosis and the Defendants' resulting failure to comply with his prescribed one hour of exposure to sunshine per day, and to add a claim for intentional infliction of emotional distress (IIED) against Defendant Willaman as a result of Willaman's July 16, 2020 conduct. At the time the Plaintiff filed his Motion to supplement, the deadline to file dispositive motions was May 9, 2022. On March 29, 2022, the Plaintiff filed Motions to extend both the discovery deadline and the dispositive motions deadline.

## II

### A

Federal Rule of Civil Procedure 15(d) provides, in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "[T]he district court has substantial discretion either to permit or to deny [a motion to supplement a pleading]." *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). Here, the Plaintiff asks to supplement and amend his Complaint as illustrated by the fact that he wishes to add an IIED claim based upon Defendant Willaman's conduct that occurred on July 16, 2020, *before* the original Complaint was filed. The standard to supplement pleadings under Rule 15(d) is the same as to amend pleadings under Federal Rule of Civil Procedure 15(a). *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). Thus, a district court may deny leave to supplement where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or where the amendment would be futile. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (stating the circumstances under which a district court may exercise its discretion to deny leave to amend under Rule 15(a)). Here, Defendants Wood, Willaman, and Edgar County oppose the Motion to supplement on the grounds of

4

untimeliness and prejudice. Defendants Lewsader and the City of Paris did not file a response, but the Plaintiff represents that they indicated they would oppose the Plaintiff's Motion to supplement.

**B**

The Court finds that the Plaintiff unduly delayed in seeking to supplement and amend his Complaint in late February 2022. He now states that the proposed supplement does not change the nature of the lawsuit, as the ADA and RA are fully applicable to the violations originally alleged and so should be expected such that the Defendants cannot complain of surprise. The Plaintiff's argument very much misses the mark, especially given the particular circumstances in this case. Previously, on June 30, 2021, the Plaintiff attempted to file an amended complaint which included new ADA and RA claims. The Court struck the Plaintiff's amended complaint, which was filed without the requisite leave to do so, on July 1, 2021, but the Plaintiff did not again attempt to add his ADA and RA claims until *more than seven months* passed and less than two months of discovery remained. It begs the question, if, as the Plaintiff says, the ADA and RA claims should have been expected from the original allegations, why the Plaintiff did not attempt to add those claims even sooner than June 30, 2021 or again attempt to do so (properly, via motion) considerably sooner than February 23, 2022.

The lapses in time as to his additional allegations are similarly excessive. For instance, the Plaintiff seeks to add allegations pertaining to his September 1, 2021 severe Vitamin D deficiency, attendant prescription to receive one hour of sunlight per day, and the Defendants' fulfillment of that prescription on only a sporadic basis. Surely, the Plaintiff recognized these alleged facts served as further support for his claims considerably sooner than February 23, 2022 (more than four months later). As for the Plaintiff's desire to add a claim of IIED against Defendant Willaman based upon the latter's actions on July 16, 2020, it almost goes without

saying that the addition is unduly late. Defendant Willaman's July 16, 2020 actions formed part of the basis of the Plaintiff's original Complaint filed *15 months* earlier. The Plaintiff merely indicates that his IIED claim is "based upon information that has become available through discovery since the original filing." Plf's Mot. (Doc. 43 at pg. 6). Such a vague reference to the time when such information became available to the Plaintiff falls far short of showing the Plaintiff acted without delay in adding an IIED claim.[1] The extent of the aforementioned lapses of time, considered together with the Plaintiff's allegations in his original Complaint, illustrates that the Plaintiff's delay was undue.

The Seventh Circuit has said that the "underlying concern [as to the issue of undue delay] is the prejudice to the defendant rather than simple passage of time." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014). The prejudice caused to the Defendants as a result of the Plaintiff's delay in seeking to supplement/amend in this case is similarly apparent. As the Defendants point out, depositions of those who they "would almost certainly" want to question about the Plaintiff's additional allegations occurred shortly before the Plaintiff sought to amend on February 23rd. Dfts' Resp. (Doc. 45 at pg. 7). Yet, the Defendants represent the Plaintiff made no mention of the fact that he would be doing so. The Plaintiff's deposition was scheduled for March 23, 2022, just one month after the Plaintiff filed his Motion to supplement. Notably, the Defendants argue they would be prejudiced by the Plaintiff's suggestion that they simply take his deposition as scheduled (as of their March 4, 2022 Response) and get no further discovery on the new claims. Even if the Court had granted the Plaintiff's Motion to supplement within a day of filing, it would be prejudicial to the Defendants to

---

[1] The Plaintiff further states that his IIED claim stems from his receipt of records from Regional Hospital and documentary evidence of communications between Defendant Willaman and the Edgar County State's Attorney. *See* Plf's Mot. (Doc. 43 at pgs. 6-7). The Plaintiff does not state when, specifically, he received those records and documentary evidence.

expect them to distill the new allegations, determine what additional discovery, if any, was necessary for purposes of the deposition, obtain that discovery and distill it, and then prepare accordingly for the Plaintiff's deposition all in one month's time. It would be similarly prejudicial to expect the Defendants to also complete all discovery as to the supplemental complaint by the April 4, 2022 discovery deadline (again, even if the Court granted the Plaintiff's Motion within a day of filing).

Tellingly, the Plaintiff states in his Motion to supplement that the 40 days remaining in discovery were enough for all additional issues (presented in the supplemental complaint) to be covered by diligent attorney practice. In the Plaintiff's Motion to Extend the Discovery Deadline (Doc. 49), however, the Plaintiff now seeks an extension of the discovery deadline of more than two months (from April 4th to June 15, 2022), and he apparently does not even appear to request that extension as a result of his supplemental complaint. He states in his Motion to Extend that the proposed supplemental complaint expands his claims and, if it is allowed, "the parties may request additional time for discovery and to extend the time for dispositive motions." (Doc. 49 at pg. 2). The Court finds it would be plainly and unduly prejudicial to the Defendants to allow the Plaintiff to supplement and add to his Complaint where he did so essentially on the eve of the discovery deadline and after more than seven months of silence with regard to attempts to amend the Complaint.[2]

---

[2] Even if the Court were to consider the Plaintiff's request to amend pursuant to Federal Rule of Civil Procedure 16 to add an IIED claim against Defendant Willaman, the Plaintiff would fare no better. After the parties' deadline to amend the pleadings has expired, the Plaintiff must show "good cause" to amend his Complaint. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark Ins. Co.*, 424 F.3d at 553. The Court's finding of undue delay

7

## III

For the reasons set forth above, Plaintiff Daniel Lee Robinson's Motion for Leave to File Supplemental Complaint (Doc. 42) is DENIED. A hearing remains set on April 27, 2022 at 2:00 p.m. via telephone regarding the Plaintiff's Motions to extend the discovery and dispositive motion deadlines.

*It is so ordered.*

Entered on April 19, 2022.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

precludes it from finding the Plaintiff has shown good cause to amend to include his IIED claim at this time.